GUY L. COFFIN v. JACOB PRUDENSKE AND OTHERS.
WEST ST. PAUL STATE BANK, GARNISHEE; WEST ST.
PAUL RECREATION BOWLING CLUB, INTERVENER.[1]

November 17, 1933.

No. 29,598.

*George Cahill*, for appellants.
*Gustav C. Axelrod*, for plaintiff-respondent.

*PER CURIAM.*

Appeal from an order of the district court of Ramsey county denying the motion of defendant Henry Prudenske and the intervener for amended findings of fact and conclusions of law or for a new trial. The order denying the motion for amended findings and conclusions is not appealable, so we consider only the order denying a new trial.

Prior to the commencement of this action plaintiff recovered a judgment against the defendant Prudenske in the sum of $523.77. This was a garnishment proceeding based upon that judgment, instituted against defendant and the West St. Paul State Bank, the garnishee. An account bearing the name of Prudenske was impounded by the garnishment, and the West St. Paul Recreation

[1]Reported in 251 N. W. 19.

Bowling Club, an unincorporated association, intervened and claimed that the money garnisheed was held for the club by Prudenske, its treasurer, as trustee, and that it could not be applied to the satisfaction of Prudenske's debt to plaintiff. The trial court found for the plaintiff.

It appears that Prudenske was the proprietor of a pool room and bowling hall. The interveners were patrons of his establishment. Each night that there was a bowling contest the members of the club each paid one dollar to Prudenske, of which 55 cents went to him as the proprietor of the club and the balance was to be used by Prudenske at the end of the bowling season to be paid out in prizes to the contestants. The bank account in question bore the name of Henry Prudenske but was not in any way designated as a trust fund. There is evidence tending to show that the teller of the bank was told by Prudenske the first time that money was deposited in this account that the funds were "bowling money," but there is evidence to support a finding that the bank account was Prudenske's private account used for his own funds and against which he checked in payment of his personal obligations. The trial court found that the relation of debtor and creditor existed as between Prudenske and the club and not that of trustee and *cestui que trust*. The club has been paid in full, and the trustee is here asserting the trusteeship against an undisputed debt.

From the record it appears that it was a question of fact whether or not the money so deposited constituted a trust fund, and the evidence amply justifies the trial court in finding that no trust was created.

Affirmed.